**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:26-CV-24191-DPG**

FABIO MAURICIO PALACIO, individually
and on behalf of all others similarly situated,

Plaintiff,

v.

HEAVEN HILL DISTILLERIES, INC.,
a Kentucky corporation,

Defendant.
_______________________________________/

**PLAINTIFF'S (I) MOTION TO STRIKE UNAUTHORIZED NON-PARTY FILING [ECF NO. 22] OR, ALTERNATIVELY, FOR AN ORDER REQUIRING ANY NON-PARTY TO FOLLOW LOCAL AND FEDERAL RULES; AND (II) MOTION TO LIFT STAY OF DISCOVERY AND REQUIRE DEFENDANT TO RESPOND TO THE COMPLAINT**

Plaintiff, Fabio Mauricio Palacio ("Plaintiff"), through counsel and pursuant to the Court's inherent authority to control its docket, S.D. Fla. Local Rules 7.1(a)(3) and (c)(1) and 7.8, and the authorities below, moves to strike the *Notice of Intent to File Statement of Interest* filed by Mr. Vidal Llerenas Morales (the "filer")[1] on September 3, 2026 [ECF No. 22] (the "Non-Party Filing"), on the ground that Mr. Morales did not seek leave of Court or confer with Plaintiff's counsel before filing his statement of opinion in this case. Further, as Defendants, in conjunction with the Non-Party, attempt to speak to the merits of Plaintiff's claim, Plaintiff respectfully requests that the Court lift the stay of discovery and require defendant, Heaven Hill Distilleries, Inc. ("Defendant" or "Heaven Hill") to respond to the Complaint [D.E. 1].

---

[1] The notice was co-signed by César García Mondragón, who is identified as the Head of the Legal Support Function of the Secretaría de Economía del Gobierno de México. For purposes of this Motion, Plaintiff will solely refer to Mr. Vidal Llerenas Morales as the filer.

## INTRODUCTION

The Non-Party Filing was submitted by a person who is neither a party nor counsel in this action, without a motion for leave or an order permitting his participation, after (i) Defendant had requested that all discovery in this matter be stayed at a hearing held on July 8, 2026 [ECF Nos. 20, 21]; and (ii) Defendant's motion to transfer venue had been fully briefed [ECF Nos. 16, 18, 19, 23].

The timing and circumstances surrounding the Non-Party Filing render its procedural defect consequential. The same document has been placed before several courts presiding over parallel tequila cases in an apparent attempt to demonstrate a third-party's interest and position for the courts' consideration. In the Northern District of Illinois, lawyers for Heaven Hill submitted the document as a purported "courtesy" and expressly asked that it be considered. *Bacos v. Calabasas Beverage Co., LLC*, No. 1:26-cv-03706 (N.D. Ill.), [ECF No. 41 at 1] (Sept. 3, 2026). The plaintiffs there moved to strike the filing as unauthorized and prejudicial. *Bacos*, No. 1:26-cv-03706, ECF No. 42 at 2, 5, 11 (Sept. 8, 2026). In the Western District of Washington, counsel for Costco—who also represent the defendant this matter—delivered the same type of notice to the Clerk on behalf of the Government of Mexico. *See Salisbury v. Costco Wholesale Corp.*, No. 2:25-cv-02277-KKE, [ECF No. 45 at 1] (W.D. Wash. Sept. 9, 2026). The district court responded by directing any non-party wishing to offer its views in the litigation do so through a motion for leave proffering an amicus curiae brief filed by local counsel. *See* Exhibit A.

The same principles should apply here. A non-party cannot supply a party with an extra round of advocacy simply by styling a submission as a "notice" without leave of court. If the filing is intended to supplement Defendant's position on a pending motion, it bypasses this District's briefing rules. If it is intended to present the views of the Government of Mexico, it purports to be amicus participation without leave. And if it is offered as material bearing on foreign law, Federal

Rule of Civil Procedure 44.1 does not create a freestanding right for a non-party to file papers on the docket. The proper remedy is to strike the filing and require Mr. Morales to confer with Plaintiff's counsel pursuant to Local Rule 7.1(a)(3) and seek leave to file his statement of opinion in this case.

Defendant's facilitation of this unauthorized filing is particularly troubling given its prior insistence that discovery in this matter be stayed pending resolution of its motion to transfer this case to another district. Having obtained the requested stay, Defendant cannot now orchestrate the submission of additional materials in aid of its pending arguments while Plaintiff remains unable to conduct discovery. Plaintiff therefore requests that the Court lift the stay of discovery and require the Defendant to respond to the Complaint.

## BACKGROUND

1. **Defendant's Motion to Transfer.** On July 2, 2026, Heaven Hill filed its *Motion to Transfer Case and Extension of Time to Respond to the Complaint* [ECF No. 16]. Plaintiff filed his opposition [ECF No. 18], and Heaven Hill filed its reply [ECF No. 19]. The Court has extended Heaven Hill's deadline to respond to the Complaint until the transfer motion is adjudicated [ECF No. 17]. The transfer issue is therefore fully briefed and ready for adjudication.

2. **The Discovery Stay.** At the status conference on July 8, 2026, Heaven Hill expressly requested that the Court stay discovery pending resolution of its motion to transfer venue. The Court granted that request [ECF Nos. 20, 21]. Discovery in this matter has therefore been stayed while Defendant's transfer motion remains under consideration. Yet Defendant now facilitates the filing of supplemental materials bearing not only on the motion to transfer *but also on substantive matters*—thereby enjoying at a minimum an additional round of advocacy while Plaintiff remains unable to conduct discovery or have the Court consider the merits of his claims.

3. **The Non-Party Filing.** Mr. Vidal Llerenas Morales, who is neither a party (or representative of one), nor counsel of record, filed the Non-Party Filing without (i) retaining qualified counsel; (ii) conferring with Plaintiff's counsel; (iii) moving to intervene or requesting leave to appear as amicus curiae; (iv) proffering its proposed amicus brief; or (v) receiving any type of authorization from this Court. The filing purports to convey institutional views associated with the Government of Mexico concerning the regulation of tequila and identifies this action among several pending U.S. cases. It cites authorities including Mexican tequila regulations and U.S. recognition of the TEQUILA certification mark, but it does not identify any procedural rule authorizing its filing.

4. **The Same Submission in *Bacos***. In *Bacos*, Heaven Hill's lawyers filed the same document in a case in which Heaven Hill is not a party, stating that it had been received from the Government of Mexico and was being filed "for the Court's consideration," while disclaiming representation of Mexico. *Bacos*, No. 1:26-cv-03706, ECF Nos. 41 and 42 at 4-5, attached as "Consolidated Exhibit B." Plaintiffs there moved to strike, arguing that the submission was a procedurally unauthorized conduit filing and that its presence on the docket improperly conveyed sovereign alignment with the defense without a motion or briefing schedule through which plaintiffs could respond. *Id.* at 8-11.

5. **The Same Submission in the *Salisbury* and the Western District of Washington's Relevant Order.** The same procedural issue arose in *Salisbury v. Costco Wholesale Corp.*, another tequila case in which Holland & Knight represents Costco. On September 9, 2026, Judge Kymberly K. Evanson entered an Order reciting that Costco's counsel had delivered to the Clerk a filing substantively identical to the Non-Party Filing even though Mexico was not a party to that litigation and Costco's counsel did not purport to represent it. The court directed that any non-party entity wishing to offer views must proceed as amicus curiae

through local counsel and file a motion for leave accompanied by the proposed brief. *Salisbury*, No. 2:25-cv-02277-KKE, ECF 45 at 1-2; see Exhibit A.

6. **The Relevant Holland & Knight Representation.** As stated above, it also bears mention that Holland & Knight, the same counsel which represents the defendant in *Salisbury*, also represents Heaven Hill here. Holland & Knight also represents Consejo Regulador del Tequila, A.C. (the "CRT") in *Consejo Regulador del Tequila, A.C. v. Additive Free Alliance, Inc.*, No. 3:25-cv-00236-WWB-MCR (M.D. Fla.), and the refiled action, *Consejo Regulador del Tequila A.C. v. S2F Online, Inc.*, No. 3:25-cv-01129-JEP-LLL (M.D. Fla.). In the original complaint signed by Holland & Knight, the CRT alleged that it is the only body accredited and approved under Mexican law to inspect, analyze, and certify compliance with NOM-006; that it is responsible for substantiating factual label claims, expressly including whether tequila is "100% Agave"; and that it tests each batch of tequila it certifies. *CRT v. Additive Free Alliance*, No. 3:25-cv-00236-WWB-MCR, Dkt. 1 ¶¶ 15, 23, 25-28 (M.D. Fla. Mar. 4, 2025).

All of this paints the impact of Defendant's counsel "walking" the Non-Party Filing into various courts as a clear effort to bypass ordinary briefing, thus depriving Plaintiff here (and Plaintiffs in the *Salisbury* and *Bacos* matters) an opportunity to respond, while simultaneously seeking to avoid discovery and responding to the merits of Plaintiffs' claim. This Court should not countenance these litigation tactics.

## LEGAL STANDARD

The requested relief rests on the Court's inherent authority over its docket.[2] The Eleventh Circuit has recognized that a district court "possesses the inherent power to police its docket."

---

2 Plaintiff does not rely on Rule 12(f), which by its terms authorizes striking matter from a "pleading" as the subject filing here is not a pleading. Fed. R. Civ. P. 12(f); *see* Fed. R. Civ. P. 7(a) (listing the different types of pleadings).

*Mingo v. Sugar Cane Growers Co-op. of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989). Exercising that authority in a materially analogous setting, the Middle District of Florida struck approximately 150 notices and declarations filed by non-parties, explaining that unauthorized non-party filings may be stricken under the court's inherent power to control its docket. *Commodity Futures Trading Comm'n v. Oasis Int'l Grp., Ltd.*, No. 8:19-cv-886-VMC-SPF, 2022 WL 1136571, at *1-2 (M.D. Fla. Apr. 18, 2022).

The district court separately controls whether, and on what terms, a non-party may participate as amicus curiae. "An amicus curiae participates only for the benefit of the court," and acceptance should be sparing absent a special interest or a need to supplement existing counsel. *News & Sun-Sentinel Co. v. Cox*, 700 F. Supp. 30, 31-32 (S.D. Fla. 1988). The decision whether to permit and define amicus participation rests within the district court's inherent authority and discretion. *Resort Timeshare Resales, Inc. v. Stuart*, 764 F. Supp. 1495, 1500-01 (S.D. Fla. 1991).

Rule 24 governs motions to intervene. *See* Fed. R. Civ. P. 24(a) and (b). The Government of Mexico has not styled its notice as a motion to intervene or laid the foundation to do so. It is at this point unclear if the Government of Mexico claims it is entitled to intervention as a matter or right, or it seeks permissive intervention. *See Mt. Hawley Ins. Co. v. Sandy Lake Properties, Inc.*, 425 F.3d 1308, 1312 (11th Cir. 2005) (denying motion to intervene where the non-party failed to demonstrate that it satisfied any requirements for intervention as of right or permissive intervention); *United States v. Real Prop. Located at 272 Old Montauk Highway, Montauk, N.Y.*, 11954, 298 F.R.D. 43, 53-54 (E.D.N.Y. 2014) (denying "procedurally improper" letter motion for the same reason).

## ARGUMENT

### I. The Court Should Strike the Non-Party Filing Because it Was Filed Without Any Procedural Basis or Leave.

The threshold defect is straightforward. Mr. Morales is not a party. He has not intervened under Rule 24 or moved for leave to appear as amicus curiae. No attorney has appeared in this action on his behalf or for the Government of Mexico for purposes of making this submission. No conferral occurred. And no order authorized the Non-Party Filing. The Non-Party Filing nevertheless seeks to place supposedly institutional views and legal authorities before the Court in a live civil action dismiss prior to the filing of Defendant's response to Plaintiff's complaint stage. That is precisely the sort of unauthorized non-party filing a district court may remove in the exercise of its inherent docket-control authority. *See Oasis*, 2022 WL 1136571, at *1-2; *Mingo*, 864 F.2d at 102.

Moreover, it is unclear what the Non-Party Filing even purports to be—it appears to be a mere notice of "intent" to file a "Statement of Interest" on an unspecified future date. A filing that announces an intent to file a future document serves no legitimate procedural purpose and places no justiciable matter before the Court. It is, in essence, a placeholder that clutters the docket without advancing the litigation.

The non-lawyer status of the filer reinforces the problem to the extent the filing purports to speak for an institutional entity rather than solely for the filer personally. Federal law permits a natural person to conduct his or her own case, but artificial entities may not ordinarily appear in federal court without licensed counsel. *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985); *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993). This motion does not seek sanctions against the filer. Rather, the point is that an institutional non-party cannot acquire the privileges of litigating in this Court merely because an individual official or purported

representative uploads a document to the docket. Even if the filer were an attorney, S.D. Fla. Local Rule 11.1 requires that any attorney who is not a member of the bar of this Court must associate with local counsel who is a member. The filer is not an attorney at all, let alone an attorney admitted to practice in this District. If the Government of Mexico or one of its instrumentalities wishes to participate in the litigation, the Court should determine the fact, extent, and manner of that participation before the merits of any submission are considered.

The lack of any stated authority justifying the Non-Party Filing is equally telling. While 28 U.S.C. § 517 authorizes the Attorney General of the United States to send officers to attend to the interests of the United States in any pending case, and while the Department of Justice has a recognized practice of filing "Statements of Interest" in federal litigation pursuant to that authority, no analogous authority extends to foreign governments acting unilaterally. The Government of Mexico is not the United States government, the Ministry of Economy (or Mexican Institute of Industrial Property) is not the Department of Justice, and 28 U.S.C. § 517 does not authorize foreign sovereign filings. The Non-Party Filing attempts to cloak itself in the terminology of a recognized U.S. government practice without any of the statutory authority that underlies it.

## II. The Non-Party Filing is an Improper Attempt to Supplement the Record and Influence a Pending Ruling Outside the District's Briefing Rules.

The Court's Local Rules confirm that the briefing on a pending motion is not open-ended. After a motion is filed, Local Rule 7.1(c)(1) permits an opposition and a reply and then provides "[n]o further or additional memoranda of law shall be filed and served without prior leave of Court." S.D. Fla. L.R. 7.1(c)(1). The Rule also requires that any supporting materials accompany the motion, response, or reply.

Local Rule 7.8 provides a narrow mechanism for genuinely new authority arising after briefing: a *party* may file a notice of supplemental authority before a decision issues, but the notice

must identify the authority, explain why it matters by reference to the prior briefing or oral argument, and stay within 200 words. S.D. Fla. L.R. 7.8. The opposing party then has seven days to respond. *Id.* The Non-Party Filing satisfies none of these safeguards. It was not filed by a party; it does not comply with Rule 7.8's structured notice procedure; and it was not preceded by a conferral under Rule 7.1(a)(3), or request for leave of Court under Rule 7.1(c)(1).

This is not a merely technical concern. Heaven Hill's transfer motion is fully briefed. The challenged submission invokes Mexico's sovereign and regulatory interests in tequila—the same general subject matter invoked in threshold arguments in related tequila cases—and arrived while the Court's ruling is pending. In *Bacos*, the same document was affirmatively placed on the docket by Heaven Hill's lawyers "for the Court's consideration." ECF No. 42 at 4-5. In *Salisbury*, Costco's counsel likewise delivered Mexico's notice to the Clerk, and the court directed that non-party filing be presented only through a proper motion for leave to file an amicus brief. ECF 45 at 1-2. These proceedings reveal the practical function of the filing: it is intended to influence judicial consideration of pending issues, not merely to memorialize an administrative fact.

Allowing that function to be accomplished through an unsolicited non-party docket entry would give Defendant an additional submission after ordinary briefing has closed, carrying the seal and apparent authority of a foreign sovereign but without the disclosure, leave, page limits, and response rights that accompany normal motion or amicus practice. The Court should not permit the Non-Party Filing's form to accomplish what Local Rules 7.1(c)(1) and 7.8 regulate in substance.

## III. If the Non-Party Filing Is Treated as an Amicus Submission, It Should Be Rejected Because No Leave Was Sought and the Court Was Denied the Opportunity to Set the Terms of Participation.

The Southern District of Florida has no local rule conferring an automatic right to file an amicus brief in district court. Rather, amicus participation exists by only when leave is granted and

under the Court's inherent authority. *News & Sun-Sentinel*, 700 F. Supp. at 31-32; *Resort Timeshare*, 764 F. Supp. at 1500-01. Even a non-party with a substantial institutional or sovereign interest must first ask the court to permit participation and explain what useful, relevant assistance it proposes to provide. The court—not the filer—determines whether an amicus submission belongs in the case and the permissible scope of the participation.

Here, no motion was filed. The Court therefore has none of the information a proper amicus request would supply: the precise identity of the proposed amicus; counsel responsible for the submission; the nature of the proposed participant's interest; the specific issues on which it seeks to be heard; why its views would assist the Court beyond the parties' briefing; or the proposed brief itself. Nor did Plaintiff receive a defined opportunity to oppose participation or respond to the substance of the filer's position. The *Salisbury* court confronted the same problem and required exactly that procedure before considering the Mexican Government's views. *Salisbury*, Dkt. 45 at 1-2. This Court should do the same.

## IV. Neither Rule 44.1 Nor Mexico's Sovereign Interest Excuses the Required Procedure.

While Rule 44.1 relaxes evidentiary-admissibility rules once a foreign-law issue is properly before the Court; it does not displace ordinary procedures governing who may file papers, when foreign-law material may be submitted, or the Court's control over its docket. As Plaintiff explains in his Complaint, the question at the center of Plaintiff's case is whether the product sold to U.S. consumers as "100% agave" is composed exclusively of agave-derived fermentable sugars. Generic authorities governing the denomination "Tequila" and Mexico's regulatory sovereignty do not answer that question. Indeed, in the Holland & Knight-filed CRT complaint, CRT alleged that its role specifically includes substantiating whether tequila is "100% Agave" through batch testing. *CRT v. Additive Free Alliance*, ECF No. 1 ¶¶ 15, 23, 25-28.

Plaintiff does not, at this juncture, ask the Court to prevent the Mexican Government from being heard; Plaintiff simply asks that Mr. Morales comply with all applicable rules and procedures, which would identify the participant and counsel, define the issues, and afford Plaintiff a response before the Court relies on the submission. Striking the Non-Party Filing eliminates the procedural asymmetry while leaving the Mexican Government free to seek leave to participate.

### V. Defendant Cannot Have It Both Ways and Therefore the Court Should Lift the Discovery Stay and Order Defendant to Respond to the Complaint.

Clearly, the context here, as recited in detail above, indicates that counsel for Heaven Hill, Costco, the CRT, and potentially even the Government of Mexico, are intent on hamstringing Plaintiff's efforts to push his case and prove his claims, while providing substantive arguments to the Court. In light of this hypocrisy and injustice, Plaintiff respectfully asks the Court to lift the stay of discovery, and order Defendant to promptly respond to the Complaint.

## CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court (1) strike the unauthorized Non-Party Filing [ECF No. 22] from the record; or alternatively, (2) order that any non-party follow all local and federal rules if it wishes to be heard on any matter before this Court; (3) lift the stay of discovery [ECF Nos. 20, 21] so that the parties can conduct a Rule 26 conference and begin the discovery process; (4) order Defendant to respond to the Complaint; and (5) grant such further relief as the Court deems appropriate.

## LOCAL RULE 7.1(a)(3) CERTIFICATION

Pursuant to S.D. Fla. Local Rule 7.1(a)(3), undersigned counsel certifies that on September 11, 2026, Plaintiff's counsel emailed and made multiple calls to counsel for Defendant Heaven Hill Distilleries, Inc, in an effort to resolve the issues raised in this Motion and has been unable to do so. Defendant's counsel has since sent an email advising that they will be speaking with their

client about this request, and should Defendants inform Plaintiff of a position, the undersigned will update this certification. Further, as of the time of this filing, Plaintiff's counsel is endeavoring to confer with the Non-Party filer who may be affected by the requested relief and welcomes the opportunity to do so. The issues raised in this Motion remain unresolved.

Respectfully submitted,

**RENNERT VOGEL MANDLER & RODRIGUEZ, P.A.**
Miami Tower, Suite 2900
100 S.E. Second Street
Miami, Florida 33131
Telephone (305) 577-4177
servicedanielmaland@rvmrlaw.com
servicerobertstein@rvmrlaw.com
servicesandramejia@rvmrlaw.com
servicecatherinewachtell@rvmrlaw.com

*/s/ Daniel S. Maland*
Daniel S. Maland, Esq.
Florida Bar No. 114932
dmaland@rvmrlaw.com
Robert M. Stein, Esq.
Florida Bar No. 93936
rstein@rvmrlaw.com
Sandra E. Mejia, Esq.
Florida Bar No. 1026047
smejia@rvmrlaw.com
Catherine L. Wachtell, Esq.
Florida Bar No. 1037182
cwachtell@rvmrlaw.com

and

**KOZYAK TROPIN & THROCKMORTON LLP**
2525 Ponce de Leon Boulevard
9th Floor
Coral Gables, Florida 33134
Tel: (305) 372-1800
Fax: (305) 372-3508
Robert J. Neary, Esq.
Florida Bar No. 81712

rn@kttlaw.com
Rachel Sullivan, Esq.
Florida Bar No. 815640
rs@kttlaw.com
Abe Andrew Bailey, Esq.
Florida Bar No. 1010335
abailey@kttlaw.com

*Counsel for Plaintiff*
*and the Proposed Classes*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 11, 2026, I electronically filed the foregoing with the Clerk of Court using CM/ECF, which will serve all counsel of record. I further certify that a copy was mailed to the non-party filer at the Consulado General de México, 2555 Ponce de Leon Blvd, Floor 4, Coral Gables, Florida 33134.

By: */s/ Daniel S. Maland*
Daniel S. Maland, Esq.

# EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NELSON SALISBURY, et al.,<br><br>Plaintiff(s),<br>v.<br><br>COSTCO WHOLESALE CORPORATION,<br><br>Defendant(s). | CASE NO. C25-2277-KKE<br><br>MINUTE ORDER |

The following Minute Order is made by direction of the Court, the Honorable Kymberly K. Evanson, United States District Judge:

(1) On September 3, 2026, counsel for Defendant delivered to the Clerk's office a notice of intent to file a statement of interest in this litigation on behalf of the Government of Mexico. The Government of Mexico is not a party to this litigation, and counsel for Defendant does not intend to represent it.

(2) To the extent any non-party entity, including the Government of Mexico, wishes to offer their views in this litigation, the Court directs such entities to do so as amicus curiae through local counsel. An individual or entity seeking to participate as amicus curiae must file a motion for leave to file an amicus brief, which must be accompanied by a copy of the proposed amicus brief. *See* Local Rules W.D. Wash. LCR 7(o)(2).

(3) Any party may file an opposition to a motion for leave to file an amicus brief, concisely stating the reasons for such opposition, within 7 days after service of the motion. *See* LCR 7(o)(2).

Dated this 9th day of September 2026.

Joshua C. Lewis
Clerk

*/s/ Alejandro Pasaye Hernandez*
Deputy Clerk

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

ROBERT BACOS, ALIN POP, and ANDREI TOMESCU, individually and on behalf of all those similarly situated,

Plaintiffs, CASE NO.: 26-CV-3706

v.

CALABASAS BEVERAGE COMPANY, LLC and K&SODA INC d/b/a 818 SPIRITS INC.,

Defendants.
_______________________________________/

**NOTICE OF FILING**

**PLEASE TAKE NOTICE** that undersigned counsel for Defendant Heaven Hill Distilleries, Inc. respectfully submits this Notice of Filing to advise the Court and parties that the attached document has been received from the Government of Mexico and is being filed for the Court's consideration. *See* **Exhibit 1**.

Undersigned counsel does not represent Mexico in this action. Undersigned counsel is filing the attached document solely as a courtesy and in the interest of ensuring that the Court and all parties have access to a submission that Mexico has asked be brought to the Court's attention.

**CERTIFICATE OF SERVICE**

I hereby certify that on undersigned date, a true and correct copy of the foregoing Notice of Filing and corresponding Exhibit 1 was electronically served upon all counsel of record via the Court's CM/ECF electronic filing system.

Dated: September 3, 2026

Respectfully submitted,

HOLLAND & KNIGHT LLP

By: /s/ *Melissa Gold*

Steven A. Block (Attorney No. 6269433)
Melissa F. Gold (Attorney No. 6312904)
150 North Riverside Plaza, Suite 2700
Chicago, IL 60606
Tel: (312) 715-5799
Steven.Block@hklaw.com
Melissa.Gold@hklaw.com

Jessica Brown (*admitted pro hac vice*)
560 Mission Street, Suite 1900
San Francisco, California 94105
Tel: (415) 743-6935
Jessica.Brown@hklaw.com

Kayla L. Pragid (*admitted pro hac vice*)
777 South Flagler Drive, Suite 1900W
West Palm Beach, FL 33401
Tel: (561) 650-8303
Kayla.Pragid@hklaw.com

Andrew Balthazor (*admitted pro hac vice*)
515 East Las Olas Blvd Suite 1200
Fort Lauderdale, FL 33301
Tel: (954) 525-1000
Andrew.Balthazor@hklaw.com

*Attorneys for Heaven Hill Distilleries*

# EXHIBIT 1

Economía
Secretaría de Economía

IMPI
INSTITUTO MEXICANO DE LA PROPIEDAD INDUSTRIAL

UNITED STATES DISTRICT COURTS
WESTERN DISTRICT OF WASHINGTON, SOUTHERN DISTRICT OF FLORIDA
AND NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ***Filed in:***<br><br>***Salisbury et al. v. Costco Wholesale Corporation***<br><br>***Bacos et al. v. Calabasas Beverage Company, LLC et al.***<br><br>***Dubreu et al. v. Heaven Hill Distilleries, Inc. et al.***<br><br>***Palacio et al. v. Heaven Hill Distilleries, Inc.*** | **Case Numbers:**<br>**2:25-cv-02277 (W.D. Wash.)**<br>**1:26-cv-3706 (N.D. Ill.)**<br>**1:26-cv-05330 (N.D. Ill.)**<br>**1:26-cv-24191 (S.D. Fla.)**<br><br>**NOTICE OF INTENT TO FILE STATEMENT OF INTEREST** |

## NOTICE OF INTENT TO FILE STATEMENT OF INTEREST

The Gobierno de México ("Government of Mexico"), through the Secretaría de Economía ("Ministry of Economy") acting by means of the Director General of the Instituto Mexicano de la Propiedad Industrial ("Mexican Institute of Industrial Property" or "IMPI"),

the competent authority of the Government of Mexico for the protection and enforcement of industrial property rights, with the coordination and support of the Ministry of Economy, through its legal representative and liaison in matters in which the Ministry must exercise its right of defense, respectfully gives notice of its intent to file a Statement of Interest for matters arising from the cases identified on the cover page of this document.

The principal authorities and provisions supporting the contemplated filing are listed below:

1. United States-Mexico-Canada Agreement ("USMCA") at Article 3 (Agriculture)

Annex 3-C (Distilled Spirits, Wine, Beer, and other Alcohol Beverages), Article 2: Distinctive Products (Tequila): "[T]he United States shall not permit the sale of any product as Tequila . . . unless it has been manufactured in Mexico in accordance with the laws and regulations of Mexico governing the manufacture of Tequila[.]"; *see also* North American Free Trade Agreement ("NAFTA") Annex 313(3). **Since 1974,** the United States Department of the Treasury, Alcohol and Tobacco Tax and Trade Bureau ("TTB") Standard of Identity for Tequila recognizes Tequila as "a distinctive product of Mexico" "made" or "manufactured in Mexico in compliance with the laws of Mexico" "governing" or "regulating the manufacture of Tequila for consumption in that country." *Standard of Identity for Tequila,* T.D. ATF-7, 1974 WL 26982 ("This will mean that after these amendments become effective, the term 'Tequila' may not be used commercially in the United States to

describe any product not manufactured in Mexico in compliance with the applicable laws of that country."); *see also Luxco, Inc. v. Consejo Regulador Del Tequila, A.C.*, 121 U.S.P.Q.2d 1477 (T.T.A.B. 2017).

2. Agreement Between the Office of the United States Trade Representative and the Secretaria de Economía of the United Mexican States on Trade in Tequila ("Tequila Agreement"; *see* Mex.-U.S., Jan. 17, 2006 art. 1(6), https://www.ttb.gov/media/73132/download?inline.

3. 27 C.F.R. § 5.148(b)(1): "Tequila must be made in Mexico, in compliance with the laws and regulations of Mexico governing the manufacture of Tequila for consumption in that country."; 27 C.F.R. § 5.30(d)(1): Prohibiting release from customs unless Tequila is certified for export "by the Mexican Government or a conformity assessment body stating that the product is entitled to be designated as Tequila under the applicable laws and regulations of the Mexican Government[.]"

4. Official Mexican Standard NOM-006-SCFI-2012 Alcoholic Beverages-Tequila–Specifications ("Tequila NOM"). *See, e.g.,* Tequila NOM § 5.1.1 (defining "100% Agave" Tequila and mandating: "This product must be labeled using one of the following statements: '100% de agave,' '100% puro de agave,' '100% agave,' or '100% puro agave,' to which the word 'azul' ['blue'] may be added."); *see also id.* § 11.1 (requiring truthful labels).

5. Tequila ®: TEQUILA Registration No. 5,225,126, USPTO (June 20, 2017).

6. 15 U.S.C. § 1054: "[C]ertification marks, including indications of regional origin, shall be registrable under this chapter, in the same manner and with the same effect as are trademarks, by persons, and nations, States, municipalities, and the like, exercising legitimate control over the use of the marks sought to be registered . . . and when registered they shall be entitled to the protection provided in this chapter in the case of trademarks[.]"

7. 15 U.S.C. § 1127: "The term 'certification mark' means any word, name, symbol, or device, or any combination thereof . . . to certify regional or other origin, material, mode of manufacture, quality, accuracy, or other characteristics of such person's goods or services[.]" *See also Bureau Nat'l Interprofessionnel du Cognac v. Cologne & Cognac Ent.*, 110 F.4th 1356, 1362–63 (Fed. Cir. 2024).

Dated: September 1st, 2026

Respectfully submitted,

**VIDAL LLERENAS MORALES**
**DIRECTOR GENERAL**
Acting with Authority of
Instituto Mexicano de la Propiedad Industrial
(IMPI)

Economía
Secretaría de Economía

IMPI
INSTITUTO MEXICANO DE LA PROPIEDAD INDUSTRIAL

The Secretaría de Economía of the Gobierno de México, acting through its legal representative, in support of the foregoing act executed by the Instituto Mexicano de la Propiedad Industrial (IMPI).

**CÉSAR GARCÍA MONDRAGÓN**
Head of the Legal Support Function of the Secretaría de Economía del Gobierno de México

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

ROBERT BACOS, ALIN POP, and ANDREI TOMESCU, individually and on behalf of all those similarly situated,

Plaintiffs,

v.

CALABASAS BEVERAGE COMPANY, LLC and K&SODA INC d/b/a 818 SPIRITS INC.,

Defendants.

**Civil Action No**. 1:26-cv-03706

Hon. Matthew F. Kennelly

Magistrate Judge:
Hon. Gabriel A. Fuentes

**PLAINTIFFS' MOTION TO STRIKE NON-PARTY FILING (DKT. 41) AND EXHIBIT 1 THERETO (DKT. 41-1) UNDER LOCAL RULE 5.6, OR, ALTERNATIVELY, TO DECLINE CONSIDERATION ABSENT LEAVE**

Plaintiffs Robert Bacos, Alin Pop, and Andrei Tomescu, individually and on behalf of the putative classes, respectfully move the Court, pursuant to Local Rule 5.6 and the Court's inherent authority to manage its docket, to strike the "Notice of Filing" docketed in this action on September 3, 2026 (Dkt. 41) (the "Notice"), together with Exhibit 1 (Dkt. 41-1) (the "Exhibit"), on two independent grounds: first, because they were filed by a non-party without leave of Court; and second, because the Exhibit does not resolve the falsity allegations pleaded in this case and its presence on the docket is prejudicial to Plaintiffs. Alternatively, Plaintiffs request an order that the Court will not consider the Exhibit unless a non-party first obtains leave under Local Rule 5.6 and Plaintiffs are afforded an opportunity to respond. In support, Plaintiffs state as follows:

## INTRODUCTION

Local Rule 5.6 squarely governs this motion. It provides that "[n]o pleading, motion [except for motion to intervene], or other document shall be filed in any case by any person who

is not a party thereto, unless approved by the court," and that a non-party document accepted "inadvertently or by mistake in the absence of such an order . . . may be stricken by the court on its own motion and without notice." N.D. Ill. L.R. 5.6. Heaven Hill Distilleries, Inc. ("Heaven Hill") is not a party to this action. It is the defendant in a separate action about a different tequila brand, *Dubreu v. Heaven Hill Distilleries, Inc.*, No. 1:26-cv-05330 (N.D. Ill.), which is coordinated with this case for pretrial purposes but has not been consolidated with it. Heaven Hill appeared on this docket only as a "Movant" on a Local Rule 40.4 motion that the Court denied on August 6, 2026. Dkt. 21, 37. It did not seek or obtain leave to file anything else here, and the docket reflects no order approving the Notice. Yet on September 3, 2026, its lawyers, signing as "Attorneys for Heaven Hill Distilleries" and describing their client as "Defendant Heaven Hill Distilleries, Inc.," filed the Notice on this docket and attached a paper purportedly from the Government of Mexico, another non-party. Dkt. 41 at 1-2. The rule's elements are met, and the Court should exercise its discretion to strike the filings.

Labeling the filing a "courtesy" does not cure the absence of leave. Heaven Hill's counsel state that they "do[ ] not represent Mexico in this action" and are filing the Exhibit "solely as a courtesy and in the interest of ensuring that the Court and all parties have access to a submission that Mexico has asked be brought to the Court's attention." Dkt. 41 at 1. So, the Exhibit is a document from one non-party, filed by counsel for a second non-party, in a case in which neither has sought to intervene, appear as amicus, or obtain the approval Local Rule 5.6 requires. Nothing in the record explains how counsel came to possess the Exhibit or whether Mexico authorized its filing in this case. Neither Local Rule 5.6 nor any other rule recognizes a conduit exception.

Independently of who filed it, the Exhibit does not resolve the claims pleaded here, and leaving it on the docket would prejudice Plaintiffs. The Complaint does not challenge 818

Tequila's entitlement to the "Tequila" designation or its Mexican origin. It alleges that Defendants' representations to United States consumers that the product is "100% agave," "small batch," and "handcrafted" are false. Compl. ¶¶ 4-13. The Exhibit catalogs treaty provisions, regulations, and trademark statutes about when a spirit may be called "Tequila," and announces an intent to file some future statement; it does not address whether Defendants' label claims are true. Yet it sits on the docket under the seals of a foreign government, filed by a third party's lawyers, with no motion pending to which Plaintiffs can respond. Even if the Court were inclined to overlook the non-party defect, an irrelevant and prejudicial filing should not remain of record. The Court should strike Dkt. 41 and 41-1 or, at a minimum, order that the Exhibit will not be considered unless and until a non-party obtains leave and Plaintiffs are heard.

## BACKGROUND

Plaintiffs filed this putative consumer class action on April 3, 2026, against Calabasas Beverage Company, LLC and K&Soda Inc. d/b/a 818 Spirits Inc., the companies alleged to market, import, and distribute 818 Tequila in the United States. Compl. ¶¶ 1-2, 22-23, 45. The Complaint alleges that Defendants label 818 Tequila as "100% agave" or "100% Agave Azul" even though independent isotopic testing by an accredited laboratory shows that its ethanol derives in material part from non-agave sources, and that Defendants describe the product as "small batch" and "handcrafted" although it is produced at a large-scale industrial distillery. *Id.* ¶¶ 4-13, 47-52, 58-67.

The Complaint does not challenge the product's entitlement to the "Tequila" designation. It identifies the production facility, Grupo Solave's Casa Tequilera Los Alambiques in Amatitán, Jalisco, and the distillery identification "NOM 1607" that appears on every bottle. *Id.* ¶¶ 13, 43-

44, 49-50. The claims concern representations about composition and manner of production, not the geographic denomination "Tequila" or the validity of any act of a Mexican authority.

Heaven Hill is not a defendant here and is not alleged to have any role in 818 Tequila. It is the defendant in *Dubreu*, a separate action brought by different plaintiffs concerning Lunazul Tequila. On July 2, 2026, Heaven Hill, identified on this docket as "Movant," filed a motion under Local Rule 40.4 to reassign *Dubreu* to this Court as related, and its counsel filed appearances "for Movant Heaven Hill Distilleries, Inc." Dkt. 21, 22, 27. Local Rule 40.4(c) requires such a motion to be filed in the lowest-numbered case. Plaintiffs opposed. Dkt. 30. On August 6, 2026, the Court denied the motion, but the Court found "a basis for pretrial coordination under Internal Operating Procedure 13(e)." Dkt. 37. On August 7, 2026, the Executive Committee ordered "coordinated pretrial proceedings in 26 CV 3706 and 26 CV 5330 to be presided over by a single district judge as provided for by Internal Operating Procedure 13(e)," directed that "Judge Kennelly shall preside over pretrial proceedings, including case management and discovery supervision," designated Magistrate Judge Fuentes, and ordered that *Dubreu* "shall remain pending on the calendar of the Hon. Sharon Johnson Coleman." Dkt. 38; *see Dubreu*, Dkt. 22. The order provides for common pretrial supervision; it does not consolidate the actions, merge their dockets or captions, or make Heaven Hill a party to this case. *Id.* The docket reflects no other activity by Heaven Hill in this case before September 3, 2026, and no order granting Heaven Hill, the Government of Mexico, or any other non-party leave to file anything.

On September 3, 2026, Heaven Hill's attorneys filed the Notice here as Dkt. 41 and a comparable notice in *Dubreu* as Dkt. 31. The Notice is signed "Attorneys for Heaven Hill Distilleries" and states that "undersigned counsel for Defendant Heaven Hill Distilleries, Inc. respectfully submits this Notice of Filing to advise the Court and parties that the attached document

has been received from the Government of Mexico and is being filed for the Court's consideration." Dkt. 41 at 1-2. Heaven Hill is not a "Defendant" in this case. The Notice further states that "[u]ndersigned counsel does not represent Mexico in this action" and is "filing the attached document solely as a courtesy." *Id.* at 1. The Notice cites no rule, no order granting leave under Local Rule 5.6, and no provision of the coordination order; it requests no relief; and it does not explain how counsel obtained the Exhibit or whether its authors authorized its filing in this case. No order approving the filing was entered before or after the Clerk accepted it, and no hearing or other direction of the Court called for it. *See* Dkt. 37-41.

The Exhibit is a six-page document (including a cover sheet) that appears on the letterhead of Mexico's Secretaría de Economía and Instituto Mexicano de la Propiedad Industrial ("IMPI"), is dated September 1, 2026, and bears signatures attributed to the Director General of IMPI and an official of the Secretaría. Dkt. 41-1 at 2-6. Its single caption is addressed jointly to three district courts and lists four cases: *Salisbury v. Costco Wholesale Corp.*, No. 2:25-cv-02277 (W.D. Wash.); this case; *Dubreu*; and *Palacio v. Heaven Hill Distilleries, Inc.*, No. 1:26-cv-24191 (S.D. Fla.). *Id.* at 2. It is titled "Notice of Intent to File Statement of Interest," and its operative text is one sentence: the Government of Mexico, purportedly acting through IMPI, "respectfully gives notice of its intent to file a Statement of Interest for matters arising from the cases identified on the cover page of this document." *Id.* at 2-3. The remainder lists "principal authorities and provisions supporting the contemplated filing," each concerning the conditions under which a product may be sold as "Tequila."[1] It contains no argument, no application of any authority to Plaintiffs' allegations, no request for relief, and no date, procedure, or counsel for the contemplated filing.

[1]The Exhibit lists, without argument or application: USMCA Annex 3-C, Art. 2, and NAFTA Annex 313(3); the 2006 Agreement Between the Office of the United States Trade Representative and the Secretaría de Economía on Trade in Tequila; 27 C.F.R. §§ 5.148(b)(1) and 5.30(d)(1);

## LEGAL STANDARD

Local Rule 5.6 provides in full: "No pleading, motion [except for motion to intervene], or other document shall be filed in any case by any person who is not a party thereto, unless approved by the court. Absent such an order, the clerk shall not accept any document tendered by a person who is not a party. Should any such document be accepted inadvertently or by mistake in the absence of such an order, it may be stricken by the court on its own motion and without notice." N.D. Ill. L.R. 5.6.

Plaintiffs do not invoke Rule 12(f), which by its terms reaches only a "pleading," Fed. R. Civ. P. 7(a), 12(f), and they recognize that the Seventh Circuit has criticized motions to strike that ask a court to edit passages out of an adversary's brief. *Custom Vehicles, Inc. v. Forest River, Inc.*, 464 F.3d 725, 726-27 (7th Cir. 2006) (Easterbrook, J., in chambers); *Redwood v. Dobson*, 476 F.3d 462, 471 (7th Cir. 2007).

This motion is of a different kind. It does not seek to edit any party's brief. It asks the Court to remove, in its entirety, a filing by a non-party that an express Local Rule prohibits absent leave, and that the same rule says "may be stricken." N.D. Ill. L.R. 5.6. The Court's authority to do so is also settled apart from the Local Rule. "[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases," *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016), a power "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs," *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). The Seventh Circuit has held that "[i]t is within the district court's discretion to strike an unauthorized filing,"

NOM-006-SCFI-2012 §§ 5.1.1 and 11.1; U.S. Certification Mark Reg. No. 5,225,126 (TEQUILA); and 15 U.S.C. §§ 1054 and 1127. Dkt. 41-1 at 3-5.

*Cleveland v. Porca Co.*, 38 F.3d 289, 297 (7th Cir. 1994), and courts in this District do so under their inherent power. *City of Sterling Heights Gen. Emps.' Ret. Sys. v. Hospira, Inc.*, No. 11 C 8332, 2013 WL 566805, at *11 (N.D. Ill. Feb. 13, 2013) ("While Rule 12(f) does not explicitly authorize a motion to strike documents other than pleadings, courts routinely entertain such motions. . . . This authority comes from the Court's inherent power to strike impermissible filings."). Although motions to strike are disfavored where they "potentially serve only to delay," a motion that removes "unnecessary clutter from the case" serves "to expedite, not delay." *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989).

## ARGUMENT

### I. The Court Should Strike the Notice and Exhibit Under Local Rule 5.6.

The elements of Local Rule 5.6 are met. First, Heaven Hill is "not a party" to this action. It has not been named, served, or joined; it has not moved to intervene; and the Court's own docket identifies it only as a "Movant" on a motion that was denied. Dkt. 21, 37. Second, the Notice and Exhibit are "document[s]" "filed in [this] case." Third, no order "approved by the court" authorized the filing; the Notice cites none, and the docket reflects none. Under the rule's plain terms, the Clerk should not have accepted the Notice, and because it was accepted "in the absence of such an order," it "may be stricken by the court on its own motion and without notice." N.D. Ill. L.R. 5.6. Whether to strike is committed to the Court's discretion, and every consideration favors exercising it here. The rule contains no exception for a document filed as a "courtesy," for a document a non-party attributes to some other non-party, or for a non-party whose counsel previously filed a related-case motion.

Neither Local Rule 40.4 nor the coordination order changes that result. Local Rule 40.4(c) permits a motion for reassignment to be "filed by any party to a case," meaning any party to one

of the cases claimed to be related, and directs that the motion be filed in the lowest-numbered case with notices in the others. N.D. Ill. L.R. 40.4(c). The rule authorizes the filings it specifies. It does not make the movant a party to the lower-numbered case, and it confers no general license to file other material there. And Heaven Hill's Rule 40.4 motion was denied on August 6, so that matter is concluded. Dkt. 37. Likewise, the Executive Committee's August 7 order assigned common pretrial supervision under IOP 13(e) while preserving *Bacos* and *Dubreu* as separate actions on separate dockets, with *Dubreu* remaining on Judge Coleman's calendar. Dkt. 38. Coordination for pretrial management is not consolidation, and a party to one coordinated case does not thereby become a party to the other. The Notice is not the Rule 40.4 motion, is not a notice that Rule 40.4 requires, and is not a paper the coordination order or any hearing direction called for. It is a freestanding request that this Court "consider" a document attributed to another non-party. Heaven Hill filed the same material in *Dubreu*, where it is a party, as Dkt. 31; that filing did not authorize a duplicate filing by a non-party here. Heaven Hill did not move to intervene in this case, and neither Heaven Hill nor Mexico asked the Court to approve this filing.

**II. Filing the Exhibit Through Counsel for Another Non-Party Did Not Satisfy the Rule.**

The Notice's disclaimer that counsel "does not represent Mexico in this action," Dkt. 41 at 1, reinforces the problem rather than curing it. A non-party may not avoid Local Rule 5.6 by handing its document to counsel for a different non-party to upload. Nor does a filing become authorized because a member of this Court's bar transmitted it, or because that attorney once appeared here as counsel for a movant on a motion since denied. An appearance for a movant is not leave for the movant to file whatever it wishes, and it is certainly not leave for a third non-party to file through the movant. The rule's point is that the Court, not the filer, decides whether a non-party's document belongs on the docket. If the practice were permitted, any litigant could

populate a docket with letters and "notices" from sympathetic non-parties simply by disclaiming representation.

The conduit filing also leaves the Court without the information a proper motion would supply. The record does not disclose how counsel for a defendant in a different case came to possess a communication from a foreign ministry addressed to three federal courts, who transmitted it, or whether the Government of Mexico authorized private counsel for a tequila importer to file it in this action. The Notice's statements that the document "has been received from the Government of Mexico" and that Mexico "has asked" that it be brought to the Court's attention, Dkt. 41 at 1, are counsel's unsworn characterizations of communications with a non-party. Plaintiffs do not contend that a foreign government's submission must be sworn or certified to be considered on a question of foreign law, *see* Fed. R. Civ. P. 44.1, and they reserve any objection to the Exhibit's authenticity and provenance should it ever be offered to prove a fact. The present point is narrower: a submission whose source, authorization, and purpose no one of record has explained is exactly what Local Rule 5.6's leave requirement is designed to screen.

The ordinary course exists precisely so that the Court can decide whether and on what terms a non-party may participate before its submission becomes part of the record. A non-party may seek intervention under Rule 24 or leave to appear as amicus curiae; either route produces a motion, a proposed submission, an identified counsel, and an opportunity for the parties to respond. Amicus participation is "a matter of judicial grace," granted only when a party is not adequately represented, the would-be amicus has a direct interest in another case, or the amicus offers "a unique perspective, or information, that can assist the court . . . beyond what the parties are able to do." *Nat'l Org. for Women, Inc. v. Scheidler*, 223 F.3d 615, 616-17 (7th Cir. 2000); *see Voices for Choices v. Ill. Bell Tel. Co.*, 339 F.3d 542, 544-45 (7th Cir. 2003) (Posner, J., in chambers). No

such request preceded this filing, so neither the Court nor the parties had any occasion to address its relevance, scope, or treatment.[2]

### III. The Exhibit Does Not Resolve the Claims Pleaded in This Case, and Its Presence on the Docket Is Prejudicial.

Even if the Exhibit had been properly presented, it would not advance the resolution of this case. Every authority it lists concerns whether, and under what conditions, a spirit may be sold in the United States as "Tequila": USMCA Annex 3-C provides that the United States shall not permit the sale of a product "as Tequila" unless it is made in Mexico under Mexican law; 27 C.F.R. § 5.148(b)(1) provides that "Tequila must be made in Mexico"; § 5.30(d)(1) requires Mexican certification before release from customs; and Registration No. 5,225,126 and 15 U.S.C. §§ 1054 and 1127 concern the TEQUILA certification mark. Dkt. 41-1 at 3-5. None of that is at issue. The Complaint does not challenge 818 Tequila's entitlement to the "Tequila" designation; it pleads that the product is made at the NOM 1607 distillery in Jalisco. Compl. ¶¶ 13, 43-44, 49-50. Plaintiffs do not seek to invalidate the tequila denomination, the certification mark, or any Mexican regulatory decision. Their claims ask whether the words "100% agave," "small batch," and "handcrafted" on Defendants' labels are true under state consumer-protection and common-law standards, questions answered by isotopic analysis of what is in the bottle and by evidence of the scale of the distillery. *Id.* ¶¶ 4-13, 47-52, 58-67.

The one Mexican authority the Exhibit cites confirms the point. The Exhibit quotes NOM-006-SCFI-2012 § 5.1.1 for the proposition that 100% agave tequila "must be labeled" "100% de

---

[2]Plaintiffs do not suggest that Mexico is barred from ever being heard. Foreign sovereigns routinely present their views to United States courts through counsel admitted to practice, by motion for leave to appear as amicus curiae. That is how the People's Republic of China's Ministry of Commerce participated in *Animal Science Products*, and even that properly filed amicus brief received only "respectful consideration," not conclusive effect. 585 U.S. at 36-37. Mexico may do the same here, subject to the Court's discretion and to Plaintiffs' right to be heard in opposition.

agave," "100% agave," or a variant, and cites § 11.1 as "requiring truthful labels." Dkt. 41-1 at 4. Plaintiffs' Complaint states exactly that: a product made exclusively from agave sugars must say so, and a product that is not may not. The Mexican standard, like the state laws under which Plaintiffs sue, requires that the label be true. Whether 818 Tequila's label is true is what Plaintiffs allege it is not, and the Exhibit offers no analysis of the isotopic testing, the product's composition, or the scale and manner of its production.

Rule 44.1 does not counsel otherwise. That rule permits a court deciding an issue of foreign law to consider "any relevant material or source," Fed. R. Civ. P. 44.1, and a foreign government's properly presented explanation of its own law may warrant "respectful consideration" without conclusive effect. *Animal Sci. Prods., Inc. v. Hebei Welcome Pharm. Co.*, 585 U.S. 33, 36-37 (2018). But Rule 44.1 governs what a court may consult when a foreign-law question is actually presented; it is not a license for non-parties to file. No issue of Mexican law is presently before the Court, and the Exhibit does not develop a position on Mexican law or connect it to any disputed issue. It is a notice of intent to file something later.

Leaving the Exhibit on the docket is prejudicial in concrete ways. A document bearing the seals of two agencies of a foreign government, filed "for the Court's consideration" by counsel for a defendant in a coordinated case, conveys that the sovereign has aligned itself with the defense side of this litigation, when the document says nothing of substance about the pleaded claims. Because the Notice requests no relief, no briefing schedule attaches to it, and Plaintiffs have had no established opportunity to respond before any substantive reliance on the Exhibit. And unless stricken, Dkt. 41-1 will remain available to be cited in future briefing in this case and in the three others it lists as though Mexico's position were of record. Striking it removes that clutter, *Heller*,

883 F.2d at 1294, and costs nothing, because it leaves Mexico free to seek leave through a proper submission.

**IV. Alternatively, the Court Should Decline to Consider the Exhibit Absent Leave.**

If the Court elects not to strike Dkt. 41 and 41-1, Plaintiffs request an order that the Exhibit will not be considered for any purpose unless and until a non-party first obtains leave under Local Rule 5.6 by a motion, filed by counsel who has appeared in this action, that identifies (i) the proposed participant, (ii) the basis and scope of the proposed participation, and (iii) the specific submission the Court is asked to accept, and that Plaintiffs have fourteen days from any such motion to respond before the Court relies on the submission for any purpose. That relief preserves the Court's discretion over non-party participation while restoring the safeguards the Notice bypassed.

**CONCLUSION**

Plaintiffs respectfully request that the Court (1) strike the Notice of Filing (Dkt. 41) and Exhibit 1 thereto (Dkt. 41-1) under Local Rule 5.6 and the Court's inherent authority; or, alternatively, (2) order that the Exhibit will not be considered absent leave under Local Rule 5.6 and an opportunity for Plaintiffs to respond; and (3) grant such other relief as the Court deems just and proper.

Dated: September 8, 2026

Respectfully submitted,

/s/ Bogdan Enica

Bogdan Enica, Esq.
Access Law Group
20283 State Rd. 7
Boca Raton, FL 33498
Telephone: (305) 306-4989
Email: Bogdan@AccessLaw.us

Dragos Butucea-Boscoianu, Esq.
Access Law Group
1480 Renaissance Dr., Suite 308
Park Ridge, IL 60068
Telephone: (312) 880-7279
Email: Drey@AccessLaw.us

Attorneys for Plaintiffs and the Putative Class Members

**CERTIFICATE OF SERVICE**

I hereby certify that on September 8, 2026, I electronically filed the foregoing Motion with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record, including Melissa F. Gold and Steven A. Block of Holland & Knight LLP, who have appeared in this action for movant Heaven Hill Distilleries, Inc. (Dkt. 22, 27).

/s/ Bogdan Enica
Bogdan Enica, Esq.